IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHWESTERN DIVISION

| | | |
|---|---|---|
| SAMUEL M. BURTON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 05-5080-CV-W-RED-P |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**ORDER**

NOW before the Court is the Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody (Doc. 1), the Suggestions in Opposition by the Government (Doc. 3), and the Petitioner's Traverse (Doc. 7).

This case is based on a drug conspiracy. Upon information from an informant concerning drug activity at a local trailer park, the Combined Ozark Multi-Jurisdictional Enforcement Team ("COMET"), a Missouri drug task force, began an operation named Operation Cocaine Cowboys. Operation Cocaine Cowboys ("the Operation") utilized undercover officers and informants to investigate the drug activity.

Petitioner lived in the trailer park in question. On May 23, 2000, undercover officers met with Burton at a local bar and stated they wanted to purchase two "eight-balls" of cocaine from him. Burton told the officers he would check with his source and left the bar. When Petitioner returned, he told the officers that his source did not have any cocaine, but he did have methamphetamine. The officers purchased the methamphetamine . The officers had another transaction with Petitioner a few days later. This transaction was audio taped. During the second transaction, Petitioner sold the officers cocaine at an abandoned trailer owned by co-Defendant Manuel Sanchez-Villagran. Later,

Burton set up a purchase between the officers and co-Defendant Caasimoro Gonzalez. Burton also engaged in two other transactions with police, one with $500.00 worth of cocaine and another for $300.00 worth of cocaine.

Petitioner, along with others, were indicted by a grand jury. After a trial, the jury convicted Petitioner, and others, on multiple counts. In his petition, Petitioner raises five grounds for relief from his sentence. One, Petitioner asserts he was denied Due Process and a fair trial because of the use of hearsay evidence. Petitioner also claims ineffective assistance of counsel because his trial counsel did not object to the use of the evidence at trial. Two, Petitioner claims ineffective assistance of counsel because his trial counsel admitted Petitioner's guilt to the selling of cocaine at closing argument. Three, Petitioner claims a denial of his right to confront those that testified against him, as taped statements of a non-testifying informant were allowed in evidence. Petitioner also claims his counsel was ineffective because he did not object to this evidence. Four, Petitioner claims a denial of his right to confrontation and ineffective assistance of counsel for allowing co-Defendant Gonzalez to invoke his Fifth Amendment privilege. Five, Petitioner challenges the calculation of his sentencing guideline range. Petitioner also claims that his counsel was ineffective for failing to object.

Defendant is precluded from raising arguments in his Motion under 28 U.S.C. § 2255 which were raised on direct appeal and rejected. *United States v. Patterson,* 133 F.3d 645, 647-48 (8th Cir.1998); *United States v. McGee,* 201 F.3d 1022, 1023 (8th Cir. 2000) (an issue cannot be re-litigated in a § 2255 motion where the issue was raised and affirmed on direct appeal). Moreover, even if the Eighth Circuit had not considered some of Petitioner's claims on direct appeal, the procedural default rule bars relief in § 2255 motions on claims that Defendant could have, but did

not, raise on direct appeal. *Withrow v. Williams,* 507 U.S. 680, 721 (1993) (Scalia, J., concurring in part and dissenting in part) (if a federal prisoner's habeas corpus "claim was not raised [on direct appeal], it is procedurally defaulted and the habeas court will not adjudicate it absent countervailing equitable considerations").

*Petitioner's Trial Counsel's Failure to Object to Hearsay at Trial*

The procedural bar rule is applicable, in part, to Petitioner's first claim. Petitioner claims that he was denied a fair trial and/or due process through the use of hearsay evidence at his trial. Petitioner argues that the officers who testified to the hearsay must come within the definition of a "co-conspirator" to present the evidence at trial. Rather, the exemption under Federal Rule of Evidence 801(d) for co-conspirator statements only requires that the out of court declarant be a co-conspirator.

With that distinction in mind, Petitioner's argument in his § 2255 motion is essentially the same as it was on direct appeal. However, Petitioner made this argument to the Eighth Circuit on direct appeal and the Eighth Circuit clearly stated that the "statements . . . fall within a firmly rooted hearsay exception." *United States v. Reyes*, 362 F.3d 536 (8th Cir. 2004). Further, noting that Petitioner made a Confrontation Clause argument and reading into this both compulsory-process right and evidentiary error arguments, the Eighth Circuit stated that "the trial court's actions were ultimately correct, no matter how the argument is phrased." *Id.* at 540.

The second part of Petitioner's first claim is that he was denied effective assistance of counsel because his attorney failed to object to the use of this hearsay evidence, or failed to object on the correct grounds. To establish an ineffective assistance of counsel claim, Petitioner has the burden to prove that (1) counsel's performance was deficient, falling below an objective standard

3

of reasonableness, and (2) that the deficient performance prejudiced the Petitioner as to deprive him of fair proceedings. *Strickland v. Washington*, 446 U.S. 668, 687-88 (1984).

Regarding the deficiency prong of an ineffective assistance of counsel claim, ineffective assistance will only be found if counsel "'failed to exercise the customary skills and diligence that a reasonably competent attorney would [have] exhibit[ed] under similar circumstances.'" *Apfel*, 97 F.3d at 1076 (quoting *Cheek v. United States*, 858 F.2d 1330, 1336 (8th Cir. 1988) (alteration in *Apfel*)). The Court presumes that a Defendant's counsel's conduct falls within a wide range of reasonable professional assistance. *Strickland*, 446 U.S. at 688-89. A Court should view the circumstances as they appeared to counsel at the time of the proceeding and not benefit from hindsight. *Id.* "Judicial scrutiny of counsel's performance must be highly deferential," and a Court will rarely second-guess an attorney's tactics or strategic decisions. *Huls v. Lockhart*, 958 F.2d 212, 214 (8th Cir. 1992) (citations and quotations omitted).

Regarding the prejudice prong of the ineffective assistance of counsel claim, a Defendant must show that, but for the attorney's unprofessional errors, there is a reasonable probability that the results of the proceeding would have been different. *Strickland*, 466 U.S. at 688. A reasonable probability is one sufficient to undermine the confidence in the outcome of the proceeding. *Id.* Failure to demonstrate prejudice can be dispositive of a case, and a court need not address the reasonableness of an attorney's behavior if the defendant cannot prove prejudice. *Apfel*, 97 F.3d at 1076.

In analyzing Petitioner's first claim of ineffective assistance of counsel for failure to object to the alleged hearsay evidence, it is important to note that the trial transcript reflects several objections to this evidence by Petitioner's trial counsel. However, in his traverse, Petitioner argues

4

that it was not the failure of objection, but the failure of a proper objection which gave way to ineffective assistance of counsel. Petitioner claims that "counsel was ineffective when failing to object to the informants and officers (sic) testimony on the grounds that none of those witnesses were "conspirators" within the meaning of the law and could not conspire with petitioner and thus could not testify to co-conspirator hearsay." However, as noted above and by the Eighth Circuit on Petitioner's direct appeal, there was no evidentiary error in allowing the evidence to be presented.

Moreover, the case cited by Petitioner, *United States v. Moss*, 591 F.2d 428 (8th Cir. 1979), does not stand for the proposition Petitioner suggests. In *Moss*, the court stated that when the only agreement was between a defendant and an informer then no conspiracy exists. *Moss* also found that the evidence presented tying that defendant to a conspiracy with someone who was not an informer was insufficienent to establish guilt beyond a reasonable doubt.

In the case at bar, Petitioner appears to be arguing that an officer or informant can not act as a witness at trial to testify to the statements made between two other persons engaged in a conspiracy. This is certainly not the correct reading of *Moss* or the hearsay exception for co-conspirator statements. All that is required under Federal Rule of Evidence 801(d)(2)(E) is that the statement be made by a co-conspirator of the party during the course and in the furtherance of the conspiracy. The statements in question were conversations between co-defendants to the case, and specifically, statements of co-defendant Caasimoro Gonzalez identifying Defendant as the person who obtained drugs from Gonzalez. Clearly, these statements may be testified to at trial by any witness who overheard them. Accordingly, any failure of Petitioner's trial counsel to object on these grounds is not deficient, nor does it prejudice the Petitioner. Petitioner's Motion is due to be denied on this point.

5

*Trial Counsel Admitted Petitioner's Guilt to Distribution of Cocaine During Closing Arguments*

Petitioner further alleges that trial counsel was ineffective at trial because he admitted Petitioner's guilt to selling the drugs which were the basis of the underlying distribution charges against Petitioner. Petitioner argues that this admission during closing argument inferred that he was part of the conspiracy. Further, Petitioner states that he did not agree to the admission, although his trial counsel submitted an affidavit stating that he and Petitioner discussed the admission and determined it was the best trial strategy available.

Even assuming Petitioner's contention is true, that his trial counsel admitted Petitioner's guilt in closing arguments without Petitioner's agreement, this still does not rise to the level of ineffective assistance of counsel. The two *Strickland* prongs for ineffective assistance of counsel, discussed above, require that the performance of counsel be deficient and prejudicial. If Petitioner could pass the deficient prong of the test, he certainly could not pass the prejudicial hurdle. Petitioner himself states that if he had known his trial counsel was going to admit guilt on the distribution counts as to contend against a finding of guilt to the larger conspiracy, he would have pled to the distribution charges and only have had trial on the conspiracy. If Petitioner had pled guilty, then the jury would have been presented with this information before trial, and the government could have used it in a similar fashion as it did counsel's statements. Moreover, the evidence of Petitioner's guilt was not controverted at trial. Even if Petitioner's counsel had chosen a different strategy, Petitioner can not show that the jury's verdict would have been different.

*Admissions of Taped Conversations and Statements of Co-defendant Jackie Gomez*

Petitioner argues that the admission of taped telephone conversations of alleged participants in the consipiracy violated his right to confrontation under the sixth amendment and also the failure

of his attorney to object establishes ineffective assistance of counsel. Petitioner specifically mentions the conversations of co-Defendant Jackie Gomez.

As a threshold matter, the Court notes that Petitioner made this same argument in his direct appeal in relation to Caasimoro Gonzalez. The Eighth Circuit found there was no confrontation clause violation, specifically rejecting the argument Petitioner makes here regarding the applicability of *Crawford v. Washington*, 124 S.Ct. 1354 (2004). *See Reyes*, 362 F.3d at 540-41, n. 4. Given the standard articulated above regarding issues that were raised or could have been raised on direct appeal, Petitioner is barred from raising this claim and the Court finds no confrontation clause violation.

Petitioner also makes an argument for ineffective assistance of counsel regarding the admission of these statements. This argument fails for two reasons. One, as the trial transcript reflects, trial counsel did object on a number of occasions to this evidence. Two, as noted above, such an objection was clearly without merit, and thus trial counsel can not be deficient for not making the objection, nor can Petitioner be prejudiced by the lack of objection. Petitioner's motion is due to be denied on this point.

*Co-defendant Gonzalez's Invocation of his Fifth Amendment Right to Remain Silent*

Petitioner argues in his fourth ground for vacating his sentence that his Sixth Amendment rights to confrontation of a witness were violated when Caasimoro Gonzalez was allowed to invoke his Fifth Amendment right to remain silent. Again, the procedural bar rule is applicable to this claim as the Eighth Circuit has already considered and affirmed the trial court on this issue. Moreover, to the extent Petitioner offers a variant of the argument made on direct appeal, it is clear this argument could have been made at that time and is thus procedurally barred. Petitioner's motion

7

is due to be denied on this point.

*Petitioner's Sentence*

Petitioner's last ground in his Section 2255 motion is that the sentence imposed on the four distribution counts was unlawful and that his attorney was ineffective for failing to object. The government has not responded to this issue. However, it is clear that the procedural bar may also apply to this claim as well, as he could have raised the issue on direct appeal. Moreover, Petitioner claims that his base offense level should have been a 32, rather than a 37. Petitioner bases his theory on the provisions of 21 U.S.C. § 841 (b)(1)(C). Petitioner's reliance on this provision is unknown as he was indicted and convicted of violations of several other provisions of the United States Code, including 21 U.S.C. § 841 (a)(1) and (b)(1)(B), § 846, and § 853, as well. Neither the Eighth Circuit, nor this Court in this Order have found error with these convictions. Applying these provisions to the career offender guideline in U.S.S.G. 4B1.1(b)(C) there appears to be no error in calculating the base offense level at 37.

Petitioner further argues that "a district court is precluded from making findings of facts as related to prior convictions under the Career Offender." However, given the Eighth Circuits' decision in, Petitioner's argument is rejected. In *Marcussen*, the Defendant argued that the government was obligated to charge and prove beyond a reasonable doubt the prior convictions upon which his status as a career offender was based. The Eighth Circuit noted "this argument was squarely rejected in *Booker*, in which the court expressly confirmed the continuing validity of its holding in *Apprendi v New Jersey*, 530 U.S. 466 (2000), that the fact of a prior conviction need not be submitted to a jury or proved beyond a reasonable doubt." *Marcussen*, 403 F.3d at 984 (citations omitted). Petitioner's Motion on this point is due to be denied.

*The Need for an Evidentiary Hearing*

A Section 2255 petition can be dismissed without a hearing if: (1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible or conclusions rather than statements of fact." *Delagado v United States*, 162 F.3d 981, 983 (8th Cir. 1998). Even accepting Petitioner's allegations as true, nothing presented in his Motion entitles him to relief. Thus, his request for oral argument is due to be denied.

*Conclusion*

For the reasons articulated in this Order, Petitioner's Motion Under § 2255 to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody (Doc. 1) is hereby **DENIED** in its entirety.

**IT IS SO ORDERED**.

                                                                                     */s/ Richard E. Dorr*
                                                                                RICHARD E. DORR, JUDGE
                                                                                UNITED STATES DISTRICT COURT

DATED: November 21, 2005